UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80188-CR-RLR

**UNITED STATES OF AMERICA,**

vs.

**DION DE CESARE,**

       **Defendant.**
_____/

**UNITED STATES' FORFEITURE SENTENCING MEMORANDUM**

The United States provides this forfeiture memorandum in advance of sentencing to aid the Court on forfeiture issues in this case. The Government still has not received forfeiture briefing from the Defendant and suggests that the Court consider any objection to the forfeiture to be waived in advance of sentencing. If the Court is willing to consider during or after sentencing the Defendant's challenges to the Preliminary Order of Forfeiture (ECF No. 204), under Federal Rule of Criminal Procedure 32.2(b)(2)(C), the United States asks the Court to modify its existing Preliminary Order of Forfeiture, ECF No. 204, to enter a general forfeiture order at sentencing and reserve jurisdiction for the parties to brief the issues pursuant to a briefing schedule set by the Court.

**I.**    **Factual Background and Procedural History**

    **A.**  *The Superseding Indictment*

On November 17, 2022, a federal grand jury returned a Superseding Indictment charging the Defendant in Count 1 with tax evasion in violation of 26 U.S.C. § 7201, in Count 2 with operating an illegal gambling business in violation of 18 U.S.C. § 1955, in Count 4 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and in Count 18 with using a

1

facility in interstate commerce to carry on unlawful prostitution activity in violation of 18 U.S.C. § 371.  Superseding Indictment, ECF No. 8.

The Superseding Indictment also contained forfeiture allegations, which said that upon conviction of a violation of 18 U.S.C. § 1955, the Defendant shall forfeit to the United States any property, including money, used in such violation, pursuant to §1955(d).  *Id.* at 19.  The Superseding Indictment's forfeiture allegations further said that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  *Id.*  The Superseding Indictment's forfeiture allegations further said that upon conviction of a violation of 18 U.S.C. §§ 1952 or 1955, or a conspiracy to commit those violations, the Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to 18 U.S.C. § 981(a)(1)(C).  *Id.*  The Superseding Indictment included a list of assets alleged to be subject to forfeiture as a result of the alleged offenses.  *Id.* at 20.

The Superseding Indictment further alleged that the United States would be entitled to the forfeiture of substitute assets under 21 U.S.C. § 853(p) if any property subject to forfeiture, as a result of any act or omission of the Defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.  *Id.*  The Superseding Indictment identified substitute assets.  *Id.*

### B.  *The Defendant Pled Guilty*

On July 5, 2023, the Defendant pled guilty to Counts 1, 2, 4, and 18 of the Superseding

Indictment. Order Adopting R&R, ECF No. 183; Plea Agreement ¶ 1, ECF No. 171. The Defendant agreed to forfeiture in the Plea Agreement, ECF No. 171, as follows:

> 11. The defendant further agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts 2 and 18 of the Superseding Indictment and to forfeit to the United States, voluntarily and immediately, pursuant to Title 18, United States Code, Section 982(a)(1), any right, title, and interest to any property, real or personal, involved in the offense alleged in Count 4 of the Superseding Indictment, and any property traceable to such property. In addition, the defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The property subject to forfeiture includes, but is not limited to:
>     a.  directly forfeiture property, including but not limited to:
>         (i)  Real property located at 180 North Military Trail, West Palm Beach, Florida;
>         (ii)  Real property located at 177 Manchester Lane, West Palm Beach, Florida;
>         (iii)  Real property located at 1900 N. Congress Avenue, Apt. 401, West Palm Beach, Florida;
>         (iv)  Real property located at 1850 N. Congress Avenue, Apt. 301, West Palm Beach, Florida;
>         (v)  Real property located at 1950 N. Congress Avenue, Apt. 201, West Palm Beach, Florida;
>         (vi)  Real property located at 2050 N. Congress Avenue, Apt. 205, West Palm Beach, Florida; and
>         (vii)  Real property located at 2050 N. Congress Avenue, Apt. 404, West Palm Beach, Florida.
>     b.  substitute property, including, but not limited to:
>         (i) – (ix) [assets administratively forfeited by DHS]
>         (x)  all asset in which the defendant has an interest in Costa Rica, including but not limited to (collectively the "Costa Rican Assets")[1]
>
> 12. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.
> 13. The defendant also agrees to fully and truthfully disclose the existence,

---

[1] The Defendant is supposed to provide the Government the address and information regarding his property in Costa Rica, but he still has not done so.

> nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil, or administrative forfeiture proceeding concerning the forfeiture.

ECF No. 171. In support of the guilty plea, the Defendant executed a factual proffer, and the Court found there was a factual basis to support the Defendant's conviction. Factual Proffer, ECF No. 171.

### C. *The Preliminary Order of Forfeiture*

On August 18, 2023, the United States moved for a preliminary order of forfeiture. ECF No. 204. The motion included a detailed affidavit from the agent and declarations of administrative forfeiture. ECF Nos. 204-1, 204-2. The Rule 88.9 conferral stated that the Defendant opposed forfeiture. ECF No. 204. The Defendant did not file an objection to the motion.

On August 18, 2023, the Court entered the Preliminary Order of Forfeiture. ECF No. 206. In the Preliminary Order of Forfeiture, the Court entered two forfeiture money judgments against the Defendant:

    (i)    In the amount of $8,798,332, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1955(d) as to Count 2; and

    (ii)    In the amount of $498,000, pursuant to 18 U.S.C. § 981(a)(1)(C) as to Count 18.

ECF No. 206. Also, in the Preliminary Order of Forfeiture, the Court directly forfeited as specific property pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d):

   (i)  Real property located at 3235 Embassy Drive, West Palm Beach, FL 33401.

The Court also directly forfeited as specific property pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1):

   (ii)  Real property located at 180 N. Military Trail, West Palm Beach, FL 33415;

   (iii)  Real property located at 177 Manchester Lane, West Palm Beach, FL 33406;

   (iv)  Real property located at 1900 N. Congress Avenue, Apt. 401, West Palm Beach, FL 33401;

   (v)  Real property located at 1850 N. Congress Avenue, Apt. 301, West Palm Beach, FL 33401;

   (vi)  Real property located at 1950 N. Congress Avenue, Apt. 201, West Palm Beach, FL 33401;

   (vii)  Real property located at 2050 N. Congress Avenue, Apt. 205, West Palm Beach, FL 33401;

   (viii)  Real property located at 2050 N. Congress Avenue, Apt. 404, West Palm Beach, FL 33401;

   (ix)  Real property located at 1043 Big Torch Street, Riviera Beach, FL 33407.

Also, in the Preliminary Order of Forfeiture, ECF No. 206, the Court forfeited as substitute assets:

   (i)  Real property located at 1118 25th St., Unit 18, West Palm Beach, FL 33407;

   (ii)  Vacant land located at 104 Beechtop Road, Beach Mountain, NC 28604;

   (iii)  The following assets located in Costa Rica:

     a. A Bank of Costa Rica business account in the name of Sea Garden with a balance of $10,000.00;

  b. Real property located at Croc's Resort and Casino, Unit #1230, Pastor Diaz Avenue, Puntarenas Region, Jaco 51101, Costa Rica; and

  c. Real property located in Escazu, Costa Rica.

The Defendant did not move to vacate the Court's Preliminary Order of Forfeiture or file an objection.

### D. *Objections to Presentence Investigation Report*

On August 28, 2023, the United States Probation Office issued its Presentence Investigation Report (PSI). ECF No. 211. On September 11, 2023, the Defendant filed his Response to the Presentence Investigation Report (the Objection). (ECF No. 215). The Objection to the PSI states that the Defendant believes the gambling and prostitution proceeds are less than reported and counsel will present argument at sentencing. *Id.* at 3. The Objection also states that the proceeds figures are related to forfeiture issues, without briefing the Defendant's position, if any, as to forfeiture. *See Id.*

The Government's Response to the Objection states that the proceeds set forth in the PSI at ¶16, 137, and 155 are determinative of the forfeiture money judgment to be sought. ECF No. 224 at 10. It also states that a forfeiture order will be sought at sentencing. *Id.* at 5 n.2.

### E. *The Defendant Has Not Filed any Objections to Forfeiture*

Roughly two weeks away from sentencing, the Defendant still has not briefed his forfeiture objections setting forth what, if anything, he intends to challenge regarding forfeiture. The Defendant had an opportunity to file an objection to or motion to vacate the Preliminary Order of Forfeiture, but he did not. He had an opportunity to brief this issue in his Objection to the PSI, but he did not. *See* ECF No. 215.

The United States has had multiple conversations and e-mails with the Defendant's counsel

indicating that it would not object to the Defendant filing an untimely objection to forfeiture in advance of sentencing to allow briefing on the issues. During a call initiated by the Government on September 14, 2023, Defendant's counsel affirmatively indicated that they would be briefing the objections for the Court. On October 17, 2023, the undersigned AUSA e-mailed counsel to inquire into the status of the forfeiture briefing.[2] On October 17, 2023, counsel responded that the briefing would be filed either the next week or by the first week of November. In our last communication on November 8, 2023, Defendant's counsel indicated that they hoped to file the forfeiture objections before November 14, 2023. This has not occurred.

Also on November 8, 2023, Defendant's counsel asked the undersigned AUSA to provide gambling cards from discovery that formed the basis for the forfeiture money judgment. These had already been produced in discovery. Nonetheless, the undersigned AUSA re-produced them again and sent them as e-mail attachments to Defendant's counsel that same day, November 8, 2023.

If the Defendant files now, the Government will not have the 14 days allowed for a response under Southern District of Florida Local Rules 7.1(c)(1) and 88.9 before sentencing. The Defendant previously indicated to the Government that he might object to forfeiture based on claims that are: (1) technical and factual, such as the amount of gambling losses to him that he carried over from week to week; (2) constitutional, based on the Eighth Amendment; and (3) challenges to the Government's tracing into two real properties. The United States submits that the Court will be in a better position to rule on any objections if the matter is fully briefed before the Court prior to a hearing.

## II.     Procedure for Sentencing

At this point, the Government contends that the Defendant has waived his objections to

---

[2] These e-mails are on file with Government's counsel.

forfeiture set forth in the Preliminary Order of Forfeiture, ECF No. 204, and the Court should pronounce it at sentencing as part of the Defendant's sentence and enter it in the judgment. Fed. R. Crim. P. 32.2(b)(4). The Defendant has been apprised of the Government's written position on criminal judicial forfeiture since August 2023, and still has not put pen to paper to dispute it.

If the Court is willing to consider the Defendant's forfeiture objections at this late stage in the case, the United States asks the Court to: (1) reserve jurisdiction over forfeiture post-sentencing; and (2) before sentencing modify its existing Preliminary Order of forfeiture, ECF No. 204, to enter a general forfeiture order pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C). This will allow the parties to fully brief the forfeiture issues with references to the record and sentencing. Briefing would also allow the Court to narrow the issues for a forfeiture hearing, if it decides one is necessary.

Federal Rule of Criminal Procedure 32.2(b)(2)(C) allows the Court to enter a general order of forfeiture, if the Court cannot calculate the total amount of the money judgment, that states the order will be amended under Federal Rule of Criminal Procedure 32.2(e)(1) when additional specific property is identified, or the amount of the money judgment has been calculated. Federal Rule of Criminal Procedure 32.2(e)(1) states that the Court "may at any time enter an order of forfeiture or amend an existing order of forfeiture . . . ." The Defendant has already agreed to the forfeiture of several properties, and the Government requests that the general order refer to that. The Government will submit a proposed order to the defense counsel and to the Court if it becomes necessary to do so.

Further, if the Court decides to consider the Defendant's forfeiture objections, the United States requests that the Court set a briefing schedule so that this matter may be timely concluded. The United States respectfully suggests the following:

- **December 15, 2023**  Defendant's forfeiture objections due
- **December 29, 2023**  Government's response due
- **January 5, 2023**  Defendant's reply, if any, due

**Conclusion**

The United States submitted this memorandum to highlight and flag the potential forfeiture issues that could arise at sentencing on December 6, 2023.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:     *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov
-And-
Nicole Grosnoff
Assistant United States Attorney
Court ID A5502029
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9294
E-mail: Nicole.s.grosnoff@usdoj.gov