UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   21-CR-80188-RLR

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

DION DECESARE,

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO ASSERT CLAIM [ECF No. 331] AND MOTION FOR STAY [ECF No. 332]

Defendant Dion DeCesare moves to stay the ongoing forfeiture proceedings (ECF No. 331) or alternatively to assert a claim to two parcels of real property: 3235 Embassy Drive, West Palm Beach, Florida ("Embassy Drive") and 1118 25th Street, Unit 18, Riviera Beach, Florida ("Unit 18") (collectively "the Properties"). ECF No. 332.[1] Mr. DeCesare also filed a Notice to the Court of Third Party Claimant. ECF No. 358. The Government moved to dismiss the Notice. ECF No. 360. Judge Rosenberg referred all these motions to me. ECF Nos. 349, 380. I have reviewed Mr. DeCesare's

---

[1] Mr. DeCesare initially asserted a claim to a third property on Big Torch Street, Riviera Beach, Florida. ECF No. 332 ¶4.  He later withdrew his claim to that property. ECF No. 355 ¶7 ("The Defendant voluntarily withdraws his claims to the property addressed at Big Torch Street.").

motions, the Government's Responses[2], and the parties' replies. ECF Nos. 347, 355, 359. For the following reasons, it is recommended that both motions be DENIED.

Mr. DeCesare was charged in a Superseding Indictment for committing 18 crimes. ECF No. 8. The Superseding Indictment included a forfeiture count. *Id.* at 19-21. Mr. DeCesare pled guilty to four counts. ECF No. 174, 183. As part of Mr. DeCesare's sentencing, the Court entered a Preliminary Order of Forfeiture that, among other things, forfeited Mr. DeCesare's right, title, and interest in nine parcels of real property, including the Properties. ECF Nos. 276 at 5-8, 280.

*Motion to Assert Claim [ECF No. 332]*

Mr. DeCesare cannot assert a claim to the Properties. Any interest Mr. DeCesare had in the Properties was extinguished by the Preliminary Order of Forfeiture. 21 U.S.C. § 853(a); Fed. R. Crim. P. 32.2(b)(4). Therefore, because he no longer has any right, title, or interest in the Properties, he lacks standing in his individual capacity to assert a claim in the forfeiture proceedings. *See United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019).

Mr. DeCesare also attempts, *pro se,* to assert claims to the Properties as the registered agent of Here, LLC, and Where, LLC. ECF No. 355 ¶9. He cannot do so. As the Government correctly explains in its Response, an LLC must appear through counsel. ECF No. 347 at 13-14.

---

[2] The Government filed an Omnibus Motion to Dismiss *Pro Se* Forfeiture Petition and Response to *Pro Se* Motion to Stay Forfeiture. ECF No. 347. For simplicity, I refer to this pleading as the Government's "Response."

*Motion to Stay [ECF No. 331]*

Mr. DeCesare argues that the Court should stay further forfeiture proceedings because he may successfully collaterally attack his conviction. ECF No. 331. Mr. DeCesare cites Federal Rule of Criminal Procedure 32.2(d), which gives a Court discretion to stay a forfeiture order while a direct appeal is pending. Fed. R. Crim. P. 32.2(d) ("If a defendant appeals from a conviction or an order of forfeiture, the court *may* stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review.") (emphasis added). Notably, any such stay does not affect the Court's obligation to adjudicate third party interests. It may, however, prevent the Court from transferring the property to a third party. *Id.* Here, no direct appeal is pending, so relief under Rule 32.2(d) is not available.

Even if Rule 32.2(d) does not apply, a district court has "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 649 (11th Cir. 2022) (citing *Hines v. D'Artois*, 531 F.2d 726, 728–32 (5th Cir. 1976)). In exercising that discretion, the Court must consider " '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022) (citations omitted) (discussing stay pending appeal).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997).

Mr. DeCesare says that his §2255 petition "potentially could lead to his conviction being overturned, vacated & remanded." ECF No. 355 ¶31. The only bases cited for §2255 relief are that (1) Mr. DeCesare's trial counsel allegedly failed to comply with his instructions to file a direct appeal, and (2) trial counsel allowed the Government to include these two properties in the Preliminary Order of Forfeiture even though it was negotiated that they would be removed. *Id*. ¶32.

Mr. DeCesare has not made a strong showing that his §2255 petition will affect the Court's forfeiture rulings. His potential remedy for his counsel not filing a notice of appeal would be to file a belated appeal. It is almost certain, however, that any appeal related to forfeiture would be unsuccessful. As was clearly explained at his plea colloquy, Mr. DeCesare reserved only the right to appeal a sentence outside the Sentencing Guideline range calculated by the trial court. He did not reserve his right to appeal the Court's forfeiture rulings. As such, his §2255 petition is not likely to affect the forfeiture proceedings.

Similarly, Mr. DeCesare has not shown a strong likelihood of success on his other ineffective assistance claim. The record contradicts Mr. DeCesare's argument that his trial counsel failed to object to the Embassy Drive and Unit 18 properties being included in the Preliminary Order of Forfeiture. On December 19, 2023, trial counsel filed Defendant's Objections to Forfeiture and Forfeiture Money Judgment. ECF No. 271. In that pleading, trial counsel objected to the Embassy Drive and

Unit 18 properties being included in the Preliminary Order of Forfeiture. *Id.* at 2. When it entered the Preliminary Order of Forfeiture, the Court rejected these arguments. ECF No. 276.

Mr. DeCesare has not shown that he will be irreparably harmed by the Court denying a stay. Even assuming he could someday show that these properties were wrongly forfeited, that injury can be remedied with money. He also has not shown that the third parties who have asserted claims to the property would not be substantially injured by being denied the ability to take possession or control of the assets. Finally, the public interest favors resolving the third party claims and bringing this litigation to a conclusion.

For all these reasons, the Motion for Stay should be DENIED.

*Notice to the Court of Third Party Claimant*

Although not entirely clear, it appears Mr. DeCesare is telling the Court that there may be individuals in Costa Rica who can assert a claim to properties in Costa Rica that the Government is trying to forfeit. He "respectfully requests that if this Court is going to take any actions in regards to the Costa Rica property/asset, that they ensure that Due Process is followed, and that proper service is executed." ECF No. 358 at 3. In its response, the Government says it will take appropriate steps to comply with the notice requirements of the Preliminary Order of Forfeiture. ECF No. 360. The Government also notes that it has not sought a Final Order of Forfeiture for the Costa Rican assets. *Id.*

To the extent Mr. DeCesare is seeking affirmative relief in the Notice, the Government is voluntarily providing that relief. Therefore, the issues raised in the Notice are MOOT.

RECOMMENDATION

In sum, it is RECOMMENDED that:

1. Mr. DeCesare's Motion for Stay [ECF No. 355] be DENIED.

2. Mr. DeCesare's Motion to Assert Claim [ECF No. 331] be DENIED.

3. The Government's Motion to Dismiss Mr. DeCesare's claim [ECF No. 332] be GRANTED.

4. The Government's Response to the Notice to Court of Third Party Claimant [ECF No.  360] be DENIED as MOOT.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and**

Recommendation.

**DONE and ORDERED** in Chambers this 18th day of June, 2024, at West

Palm Beach in the Southern District of Florida.


_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE